**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

MAURICE SEARS,                          :
                                        :
    Plaintiff,                    :
                                        :
vs.                                     :   CIVIL ACTION NO. 12-00285-WS-B
                                        :
ANTHONY WILLIAMS, *et al.*,             :
                                        :
    Defendants.                   :

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u>, filed a Complaint under 42 U.S.C. § 1983.  His action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  Upon review, it is recommended that this action be dismissed with prejudice, prior to service of process, as duplicative of Plaintiff's other action, <u>Maurice  Lamont  Sears  v.  Anthony  Williams,  et  al.</u>, CA  No. 11-00719-KD-B, which is pending on the Court's docket.

**I.  Nature of Proceedings.**

In the present action, Plaintiff complains that he was assaulted by Anthony Williams on May 28, 2011, that excessive force was used, and that he sustained injuries as a result of the assault. Plaintiff has listed as defendants Anthony Williams, Richard Hetrick, Cynthia White, Walter Meyer, Kim Thomas, the Personnel Board, Governor Robert Bentley, and Gwendolyn Mosley.  (Doc. 1).  In the earlier filed

action, Plaintiff has made the same factual allegations and has named many of the same Defendants, including Anthony Williams, Richard Hetrick, and Kim Thomas.  The docket in the earlier filed action reflects that it is in the early stages, and that Plaintiff has been **ORDERED** to file, by July 19, 2012, a new complaint on the form required by the Court for Section 1983 prisoner actions.  A review of Plaintiff's Complaint in the instant action also reflects that it is not on the form required by this Court.  (Doc. 1).

**II.  Analysis**.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, 226 F.3d 133, 138 (2d Cir. 2000); see Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) ("[A]s between federal district courts, . . . the general principle is to avoid duplicative litigation.").  The considerations behind this principle are "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. (parenthesis in original).

"[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." I. A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551 (11th Cir. 1986).  Broad discretion is

given trial courts "in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court."  Id.

Upon review of Plaintiff's pending actions, it is clear that Plaintiff's damages claims against Defendants in the present action are based on the same incident and include the same allegations against several of the same named Defendants in the earlier filed action.  In light of Plaintiff's pro se status, and the Court's limited resources, the undersigned is unable to discern a reason for developing the present action further, i.e., because as noted supra, Plaintiff has an earlier filed action currently pending against several of the same Defendants concerning the very same incident. Further, in the earlier filed action, Plaintiff has been directed to file a new Complaint on the Section 1983 form required by this Court[1]; thus, he has the opportunity to include all of his claims arising out of the May 28, 2011 assault incident in one action. Accordingly, Plaintiff's present action should be dismissed because his claims against Defendants Williams, Hetrick and Thomas are duplicative of those in his other pending action.  Cf. Mathis v. Hughes, 2008 WL 3891514, at *1 (M.D. Ala. Aug. 20, 2008) (finding

---

[1]   Pursuant to Judge Dubose's order dated June 21, 2012 (CA No. 11-719-KD-B, Doc. 11), Plaintiff's new complaint should be filed by July 19, 2012, on the form required by this Court and should bear case number 11-719-KD-B.

the complaint indistinguishable from other actions by plaintiff pending on the docket and dismissed the complaint as malicious under 28 U.S.C. §1915(e)(2)(B)(i)).

## III.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as duplicative.

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

DONE this **28th** day of **June, 2012.**

　　　　　　　**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

4

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court

---

[2]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

of Appeals; only the district judge's order or judgment can be appealed.

2.    **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72.

3.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **28th** day of **June, 2012.**

_____**/s/ SONJA F. BIVINS**_____
**UNITED STATES MAGISTRATE JUDGE**

6